IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


SHANNON JARNIGAN )
)
v. ) NO. 3:10-1034
)
JEWEL STEELE, et al. )


TO: Honorable Aleta A. Trauger, District Judge


### REPORT AND RECOMMENDATION

By Order entered November 9, 2010 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct further proceedings under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending are the Defendants' motion to dismiss (Docket Entry No. 22) and second motion to dismiss (Docket Entry No. 28). The plaintiff has not responded to either motion.[1] For the reasons set out below, the Court recommends that the motions to dismiss be granted and this action be dismissed.

---

[1] By Order entered June 24, 2011(Docket Entry No. 25), the Court gave the Plaintiff until July 29, 2011, to file a response to the first motion to dismiss. By Order entered August 15, 2011 (Docket Entry No. 30), the Court notified the plaintiff that the defendants had filed a second motion to dismiss and cancelled the evidentiary hearing that had been set in the action pending a ruling on the two motions to dismiss.

# I. BACKGROUND

The plaintiff, proceeding pro se, filed this action in forma pauperis on November 2, 2010, against four defendants who are employed by the Tennessee Department of Correction ("TDOC") and who work at the Tennessee Prison for Women ("TPW"): Warden Jewel Steele, Deputy Warden Gil Mathis, Corporal Sunny Russell-Morse, and Sergeant Marcus Hornsby. The plaintiff seeks relief under 42 U.S.C. § 1983 based on allegations that her civil rights have been violated at the TPW.

The Defendants filed an answer (Docket Entry No. 18) to the complaint denying the allegations of constitutional wrongdoing. On February 25, 2011, a scheduling order (Docket Entry No. 19) was entered setting out deadlines for pretrial activity in the action.

On June 13, 2011, the Defendants filed their first motion to dismiss. They argued that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the plaintiff has failed to serve responses to their discovery requests and has failed to take any steps to prosecute the action. The Defendants also contend that sovereign immunity applies to any damages claims, that the plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 19917(e)(a), and that several of the plaintiff's claims are barred by the applicable statute of limitations. Finally, the Defendants argue that the plaintiff's factual allegations fail to support constitutional claims under 42 U.S.C. § 1983.

On August 4, 2011, the Defendants filed their second motion to dismiss arguing that the plaintiff's failure to respond to their first motion and her continued failure to take any action to prosecute her claims warrant dismissal of the action under Rule 41(b).

## II. ANALYSIS

After review of the entire record in this action, the Court finds that the Defendants' motions to dismiss should be granted and this action should be dismissed with prejudice.

Rule 37(d) of the Federal Rule of Civil Procedure provides that the Court may, upon motion, impose sanctions if a party fails to respond after being properly served with interrogatories. Such sanctions may include any of the orders listed in Rule 37(b)(2)(A)(I)-(vi), including "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). See United States v. Reyes, 307 F.3d 451, 457-58 (6th Cir. 2002). The imposition of sanctions or the type of sanctions imposed under Rule 37 is within the sound discretion of the Court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). Factors to be considered in determining whether the sanction of dismissal is appropriate include: (1) whether there is willfulness, bad faith, or fault on the part of the party in failing to cooperate in discovery; (2) whether the adversary was prejudiced by the opposing party's failure to cooperate in discovery; (3) whether the non-cooperative party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions are appropriate. Taylor v. Medtronics, Inc., 861 F.2d 980, 987, (6th Cir. 1988); Regional Refuse Sys., supra.

The plaintiff's failure to respond to the Defendants' interrogatories warrants dismissal of the action under Rule 37(d). The plaintiff was originally served with interrogatories on April 25, 2011, but has not responded to the discovery requests. The plaintiff has not offered any explanation as to why she has failed to respond to the discovery requests, and her failure in this regard permits the Court to presume willfulness and bad faith on the part of the plaintiff. See Reyes, 307 F.3d at 458. Additionally, the defendants have been prejudiced by the plaintiff's failure to cooperate in discovery because they have been prevented from obtaining fact discovery and have been hindered in

3

defending the claims brought against them. This is especially prejudicial given the somewhat confusing nature of the allegations made in the plaintiff's complaint. The Defendants' pending motions provided notice to the plaintiff of the possibility of dismissal of the action because of her failure to engage in discovery. Reyes, supra. In addition, the Order entered June 24, 2011 (Docket Entry No. 25), specifically provided that the plaintiff's failure to file a response to the Defendants' first motion to dismiss could result in a recommendation that her claims could be dismissed. Given the plaintiff's failure to respond in any manner to the discovery requests and her failure to make any response to the motions to dismiss, a lesser sanction is not workable or warranted.[2]

Furthermore, the plaintiff's conduct merits dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980). The plaintiff's failure to engage in discovery as set out supra evidences a clear record of delay and a failure to prosecute on her part. Additionally, the plaintiff's lack of interest in prosecuting the action is evidenced by her failure to respond in any manner to the pending motions and her disregard of the June 24, 2011, Order which gave her a specific deadline of July 29, 2011, to file a response to the Defendants' first motion to dismiss.

Because of the plaintiff's conduct, this case is effectively in the same place it was at the time the Defendants filed their answer. No discovery has taken place, and the defendants have been

---

[2] While the Defendants could have filed a motion to compel the plaintiff to respond to the written discovery, Rule 37(d) does not require a court order compelling discovery prior to seeking dismissal as a sanction. See Reyes, 307 F.3d at 457-58; Reitz v. City of Mt. Juliet, 2009 WL 4110254, *3 (M.D. Tenn. Nov. 20, 2009) (Trauger, J.). Given the plaintiff's disregard of the two motions to dismiss, the Court finds that lesser sanctions would be likewise unavailing.

4

prejudiced by being unable to resolve the claims brought against them and by being required to expend funds because of the need to address discovery issues. Further, the validity of the plaintiff's underlying claims remains unclear given her failure to respond to various arguments for dismissal raised by the Defendants in their motions. While the Court recognizes the difficulty faced by an incarcerated plaintiff who proceeds pro se, the instant plaintiff has not made any type of effort to prosecute her case, and she has had ample time to comply with her obligation to respond to the Defendants' written discovery and respond to their motions.

The plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion. Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the impasse in the action caused by plaintiff's conduct, and the needless expenditure of resources by both the Court and Defendants caused by plaintiff's conduct.[3]

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Defendants' motion to dismiss (Docket Entry No. 22) and second motion to dismiss (Docket Entry No. 28) be GRANTED to the extent that the Defendants seek dismissal of the action because of the plaintiff's failure to serve discovery responses and failure to prosecute the action. The Court RECOMMENDS that the action be DISMISSED with prejudice under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

---

[3] The 14 day period for filing objections to this Report and Recommendation will give the plaintiff yet another opportunity to indicate her interest in prosecuting this case.

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge